**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DARRYL S. TURNER (N-81968),** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. 18 C 1209 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| **TOM DART,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Plaintiff's application for leave to proceed *in forma pauperis* [11] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $5.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order. The Court directs the Clerk of Court to (1) send a copy of this order to the trust fund officer at Western Illinois Correctional Center; (2) file Plaintiff's complaint [1]; (3) issue summons for service of the complaint on Defendant Dart by the U.S. Marshal; and (4) send Plaintiff a blank USM-285 (Marshals service) form, a magistrate judge consent form, filing instructions, and a copy of this order. Plaintiff must complete and return a USM-285 form for service on Defendant. Failure to return the USM-285 by May 1, 2018, may result in dismissal of the unserved Defendant, as well as dismissal of this case in its entirety. Plaintiff also must promptly submit a change-of-address notification if he is transferred to another facility or released. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a Court order and for failure to prosecute. The Court appoints the U.S. Marshal to serve Defendant.

**STATEMENT**

Plaintiff Darryl S. Turner, a prisoner at Western Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding the living conditions while detained at Cook County Jail. Currently before the Court are Plaintiff's renewed application to proceed *in forma pauperis* and complaint for initial review.

Plaintiff has demonstrated that he cannot prepay the filing fee, and thus, his application for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $5.00 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn

Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and the case number assigned to this case.

The Court next considers Plaintiff's complaint. Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges that in December 2017, he was housed in Division 9 of Cook County Jail under unconstitutional living conditions. (Dkt.1.) These conditions included mice infestation, a lack of heat, and leaking ceilings. (*Id*.) Plaintiff was bitten a few times by rodents and suffered an infection from the cold and wet conditions. (*Id*.)

Accepting Plaintiff's factual allegations as true, the Court finds that the complaint arguably states a federal claim. Incarcerated persons are constitutionally entitled to confinement that satisfies "basic human needs." *See Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012) (internal citations omitted). To assert a constitutional claim with respect to jail living conditions, a plaintiff must allege facts indicating both: (1) his conditions were so adverse that they deprived him "of the minimal civilized measure of life's necessities" (the claim's objective prong), and (2) the defendant acted with deliberate indifference to the conditions (the claim's subjective prong). *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)).

Plaintiff's allegations—rodent infestation and extremely cold temperatures throughout the division—plead sufficiently adverse living conditions. *See Dixon v. Godinez*, 114 F.3d 640, 643-44 (7th Cir. 1997) (prolonged exposure to extremely cold temperatures without adequate means of protection may violate constitution).

As to the second part of Plaintiff's claim, the only defendant he names is Cook County Sheriff Tom Dart. Although a supervisory official cannot be vicariously liable for the conduct of subordinates officers, *see Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002), "the personal

involvement of senior jail officials, such as Dart, can be inferred" at the pleading stage "where . . . the plaintiff alleges 'potentially systemic,' as opposed to 'clearly localized,' constitutional violations." *Smith v. Dart*, 803 F.3d 304, 310 n.2 (7th Cir. 2015) (quoting *Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996)). Plaintiff's allegations about division-wide conditions describe potentially systemic conditions. He may thus proceed against Sheriff Dart.

The Court directs the Clerk of Court to issue summons for service of the complaint on Defendant. The Court directs the Clerk to mail Plaintiff a blank USM-285 (Marshals service) form. The Court advises Plaintiff that a completed USM-285 form is required for service on Defendant. The Marshal will not attempt to serve Defendant unless and until the required form is received. Plaintiff must therefore complete and return a service form for Defendant, and failure to do so may result in dismissal of the unserved Defendant, as well as dismissal of this case in its entirety.

The Court appoints the U.S. Marshals Service to serve Defendant. The Court directs the Marshal to make all reasonable efforts to serve Defendant. With respect to any former employee of Cook County Jail who can no longer be found at the work address provided by Plaintiff, Cook County Jail officials must furnish the Marshal with the Defendant's last-known address. The Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the Marshals Service. Address information will not be maintained in the Court file nor disclosed by the Marshal, except as necessary to serve Defendant. The Court authorizes the Marshal to send a request for waiver of service consistent with Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Plaintiff must include a certificate of service indicating the date on which Plaintiff gave the document to prison authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

**SO ORDERED.**　　　　　　　　　　　　　　　　**ENTERED: 4/2/18**

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**HON. JORGE L. ALONSO**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**